UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD DESCLAFANI,

          Plaintiff,

-against-

PAVE-MARK CORPORATION, STIMSONITE
CORPORATION, STIMSONITE CORPORATION,
as successor in interest to PAVE-MARK CORPORATION,
AVERY DENNISON CORPORATION, as
successor in interest to PAVE-MARK CORPORATION,

          Defendant.
------------------------------------------------------------------X

SUPPLEMENTAL BRIEF

07CIV4639(SHS)(HP)

Plaintiff Richard Desclafani, ("Descalfani") submits the following affirmation pursuant to this Court's Order dated June 9, 2008.

In this Order, the Court recognized that "in light of [defendants'] argument, two material facts are the dates on which the kettle at issue was manufactured and sold... [and]... stated defendants have failed to submit evidence on these points and the record as a whole does not disclose these facts." Defendants, however, declined this Court's invitation to provide it with these dates, stating that these material facts were "not relevant."[1]  Having offered no proof as to the date of manufacture of the kettle at issue, defendants motion must be denied.

Instead of providing any new evidence, defendants annexed the same documents they annexed in their original submission[2] and attempted to reargue the underlying motion.  This was not only manifestly improper, but in re-arguing the relevance of these documents, defendants

---

[1] See page 2 of defendant's Supplemental Brief.

[2] See Defendant's Main Brief, Exhibit 2.

1

misrepresent the facts. More specifically, defendants claim that the handwritten cover page accompanying the Iberia documents states:

> <u>Iron Eagle pick[ed the kettle] up at 10:46 a.m. on 6/13/89.</u> We buy the truck from Iron Eagle on the Spring of 1991." (Additional facts inserted by defendants omitted)(emphasis supplied).[3]

Yet, it is self-evident that this is a misstatement, and the document states:

> Pave Mark finist[4] the truck and <u>Iron Eagle pick it up at 10:46 A.M. on 6/13/89,</u> we by the truck from Iron Eagle on the spring of 1991." (emphasis supplied; errors all in original).

Indeed, the word kettle does not appear in this cover page, and the document can only be read to mean that "it" referred to the truck. Compounding matters, defendants have made statements that contradict the above assertion regarding the date of manufacture and sale, to wit:

a) <u>Initial Moving Papers:</u> "[t]he kettle was manufactured by Pave-Mark in or around 1991, as confirmed by records provided by Iberia."[5]

b) <u>Supplemental Brief,</u> the same exact records from Iberia records "demonstrate that the kettle was built in 1989 by Pave-Mark."

c) In the interim: "The kettle was bought by Iberia Road in 1991; I'm not sure anyone knows when it was manufactured. ... This was evidenced in records produced by Iberia Road, copies of which I think Bill has but which I attach again here."[6]

---

[3]See Iberia Records contained in defendants Main Brief, Exhibit 2 and annexed to their Supplemental Brief

[4]This is our best guess at what is written, and assume this meant "finished".

[5]See Defendants' moving brief, page 2, footnote 2.

[6]See Exhibit "A", #2

2

Notably, this final inconsistent statement was in response to an inquiry by my associate, Scott Stern. After I assigned this matter to Mr. Stern, he immediately contacted Mr. Alten, at which time Stern asked for proof that it the "particular kettle" defendants referred to was the same kettle that was involved in the accident.[7]

Yet, for all that has transpired, defendants have long since been aware that we have sought to confirm that the kettle at issue [ie : the particular kettle], yet they pretend the issue is whether the same kettle that was manufactured in 1989 or 1991.[8] Despite this knowledge, defendants remain steadfast and refuse to acknowledge this fact to the Court, an have wilfully and deliberately refused to provide plaintiff with proof regarding the issue.

## CONCLUSION

For this reason, their motion must be denied, and this Court should take whatever other action it deems necessary given these circumstances.

DATED:   New York, New York
         July 10, 2008

                                        Yours, etc.,

                                        _____
                                        WILLIAM P. HEPNER(WPH7131)
                                        Attorneys for Richard DeSclafani

---

[7] See Exhibit "A", #1

[8] See Exhibit "A", #3

3

TO:    Connors & Connors, P.C.
John P. Connors, Jr., Esq.
766 Castleton Avenue
Staten Island, N.Y. 10310
718-442-1700

Connors & Connors, P.C.
John P. Connors, Jr., Esq.
766 Castleton Avenue
Staten Island, N.Y. 10310
718-442-1700

Docket No.: 07CIV4639(SHS)(HP)

UNITED STATES DISTRICT COURT
SOUTH DISTRICT OF THE STATE OF NEW YORK

---

RICHARD DESCLAFANI,

                Plaintiff(s),

- against -

PAVE-MARK CORPORATION, STIMSONITE CORPORATION, STIMSONITE CORPORATION, as successor in interest to PAVE-MARK CORPORATION, AVERY DENNISON CORPORATION, as successor in interest to PAVE-MARK CORPORATION,

                Defendant(s).

---

SUPPLEMENTAL BRIEF

---

**WINGATE, RUSSOTTI & SHAPIRO, LLP**
*Attorneys for Plaintiff(s)*
**420 Lexington Avenue
Suite 2750
New York, New York 10170
(212) 986-7353**
*Facsimile (212) 953-4308*

---

TO: