

## scott stern

| | |
|---|---|
| **From:** | scott stern |
| **Sent:** | Tuesday, January 08, 2008 3:44 PM |
| **To:** | 'Alten, John' |
| **Cc:** | William Hepner |
| **Subject:** | RE: Disclafani |

Dear Mr. Allen:

Thank you for your quick response.

Although my research has just begun and is far from complete, I would like to raise the following points in an effort to save us both time and, per your wishes, unnecessary expense to your client.

 Of the four independent grounds for successor liability, one is that there is a merger **or consolidation** of buyer and seller. You only cite to a "de-facto merger" in your argument. Here, a review of Stimon's 10-Ks and other documents on file with the SEC reveal that the business operations of Pave-Mark were included in Stimon's "Consolidated Balance Sheet" and other financial documents.

A review of these documents also defeats your argument against a "de facto merger." As you are aware, William B. Finley was one of the three people who signed the Agreement as Pave-Mark's shareholders. I do not know if you are aware that Mr. Finkey was immediately named Vice-President of Stimson after the deal was concluded in May, 1995. Indeed, he was one of only 7 officers listed on the 10-K, along with 5 other Vice Presidents and the CEO. Notably, one of the other 5 Vice-Presidents is Thomas C. Ratchford, who you obtained an affidavit from instead of Mr. Finley. Mr. Finley - a party to the agreement - was certainly infinitely more competent to discuss, *inter alia,* his intentions when he signed the document and what his two cosigners did after the closing than was Mr. Ratchford. It must also be pointed out that Mr. Ratchford's affidavit was not properly sworn and will not be considered by the Court under New York law.

In sum, while there is much more I have learned and can specifically cite, the overwhelming evidence demonstrates that this was not the type of asset purchase agreement the Court's have contemplating in refusing to apply successor liability. At the very least, the above is sufficient to demonstrate that a question of fact exists regarding whether successor liability applies. This is especially so where you have moved for summary judgment before discovery has taken place. To be sure, although you correctly reminded me in your e-mail that the burden on this issue rests with plaintiff, that is true <u>at trial</u>; it does not apply in New York on a Motion for Summary Judgment. In this regard, it is difficult to imagine why you believe you have met this burden. This does not even factor in the inadmissibility of all of the "evidence" accompanying your motion.

Finally, regarding our initial discussion regarding the date of manufacture and what you have forwarded to me, I now see that you have annexed as an exhibit to your motion. Assuming this is admissible, I do see how the document speaks to the date of manufacture. I think, based on the cover letter you sent me, which is not a part of the motion, you are arguing that this inadmissible statement proves that the truck was sold in 1991. In any event, even if you had properly made such an argument in the motion, our investigation reveals that the kettle was sold separate from the truck and it was also

replaceable.

For the above reasons, which are not exclusive, I must respectfully request that you withdraw your motion, and allow discovery to proceed. Would you please review the following and contact me by tomorrow afternoon. My opposing papers are due on Friday, and it appears we are also going to have to move to amend our complaint. I am sure the Court will appreciate us addressing all these issues at once.

Thank you in advance for your cooperation.

Scott Stern

-----Original Message-----
**From:** Alten, John [mailto:jalten@ulmer.com]
**Sent:** Tuesday, January 08, 2008 12:51 PM
**To:** scott stern
**Subject:** RE: Disclafani

Scott-

The kettle was bought by Iberia Road in 1991; I'm not sure anyone knows when it was manufactured. Needless to say, this substantially predates the Stimsonite purchase by many years. This was evidenced in records produced by Iberia Road, copies of which I think Bill has but which I attach again here. This fact is not disputed.

As you know, the burden of proof is on plaintiff to demonstrate its case, including successor liability, and the complaint pleads only successor claims against Stimsonite and Avery Dennison. You would have to amend your complaint if Stimsonite or Avery Dennison had manufactured the product, but that is obviously not supported by the facts given the Iberia Road information.

I am happy to discuss this. I have a lunch appointment shortly, but call any time.

_____

**From:** scott stern [mailto:sstern@WRSLAW.com]
**Sent:** Tuesday, January 08, 2008 12:25 PM
**To:** Alten, John
**Subject:** Disclafani

Dear Mr. Alten:

I am working on this matter, and I see you and Bill Hepner had been exchanging e-mails.

I have a question, the answer to which may save us both time. The entire premise of your argument is that there is no successor liability. Assuming that is true, I see nothing in your motion or the file evincing when this particular kettle was manufactured. Am I missing it, or does such proof not exist? I would discuss this Bill, but he is on trial.

Depending on the answer, we may have to amend our complaint, and even if you are correct in your motion, the action against your clients would survive. I would be happy to call you to discuss as well.

Thank you in advance.
Scott Stern

7/10/2008