```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

RICHARD DESCLAFANI,                 :

               Plaintiff,           :    07 Civ. 4639 (HBP)

     -against-                      :    OPINION
                                         AND ORDER
PAVE-MARK CORPORATION, et al.,      :

               Defendants.          :

----------------------------------X
```

               PITMAN, United States Magistrate Judge:

I.  Introduction

          Plaintiff, Richard Desclafani, commenced this diversity
action to recover damages for injuries he sustained while using
an industrial kettle; the kettle is used to melt pavement-marking
material prior to its application to a road surface.  Plaintiff
asserts claims of negligence, strict products liability, breach
of warranty, and failure to warn against Pave-Mark Corporation,
the manufacturer of the kettle, and Stimsonite Corporation and
Avery Dennison Corporation, two successor corporations of Pave-
Mark.  By notice of motion dated November 20, 2007 (Docket Item
13), Stimsonite and Avery Dennison (the "Moving Defendants") move
for an Order, pursuant to Rule 56 of the Federal Rules of Civil
Procedure, granting summary judgment and dismissing plaintiff's
claims against them.

The parties consented to my exercising plenary juris-
diction over this matter pursuant to 28 U.S.C. § 636(c).  For the
reasons set forth below, the Moving Defendants' motion for
summary judgment is granted.

II.   Facts[1]

Pave-Mark was a privately owned company that manufac-
tured, among other things, kettles used to melt pavement-marking
material (Complaint, dated Apr. 15, 2007 ("Compl.") at ¶ 26;

---

[1] The undisputed facts are set forth herein.  These facts are
drawn primarily from the Moving Defendants' Statement of Material
Facts made pursuant to Local Civil Rule 56.1, the declarations
and attached exhibits submitted by the Moving Defendants, and the
Complaint.

I note, however, that both plaintiff's and the Moving
Defendants' submissions are procedurally deficient.  Plaintiff
has not filed a counter-statement as required by Local Civil Rule
56.1(b), and the Moving Defendants fail to support their Local
Civil Rule 56.1 statement with citations to admissible evidence
as required by Local Civil Rule 56.1(d).  "A district court [,
however,] has broad discretion to determine whether to overlook a
party's failure to comply with local court rules[,]" and, thus,
"it may in its discretion opt to conduct an assiduous review of
the record[.]"  Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d
Cir. 2001) (internal quotation marks omitted).  Because of the
limited record in this case and because the material facts are
readily apparent from the parties' submissions, I exercise this
discretion "to overlook" the parties' failure to comply with the
Local Civil Rules and have reviewed the record independently.
See Am. Med. Ass'n v. United HealthCare Corp., 00 Civ. 2800
(LMM), 2007 WL 1771498 at *3 (S.D.N.Y. June 18, 2007) (conducting
review of the record "to fill [] gaps" resulting from plaintiff's
failure to file a 56.1 counter-statement in response to
defendants' 56.1 statement); Doe v. Nat'l Bd. of Podiatric Med.
Exam'rs, 03 Civ. 4034 (RWS), 2005 WL 352137 at *2 n.4 (S.D.N.Y.
Feb. 15, 2005) (overlooking parties' failure to comply with Local
Civil Rule 56.1(d) where record was "relatively compact").

Declaration of Thomas C. Ratchford, dated Oct. 25, 2007

("Ratchford Decl.") at ¶ 5).  On or about April 28, 1995,

Stimsonite purchased substantially all of Pave-Mark's assets

pursuant to an Asset Purchase Agreement (the "APA") (Moving

Defendants' Rule 56.1 Statement at ¶ 5; Ratchford Decl. at ¶ 7;

APA, dated Apr. 28, 1995, attached as Exhibit 1 to Ratchford

Decl.).  The APA was signed by Pave-Mark's majority stockholders,

Martin Smith, Judith Smith, and Walter Finley (APA at 48).  In

Section 2.1 of the APA, Pave-Mark expressly assumed and

Stimsonite expressly disavowed certain liabilities:

> [Pave-Mark] and the Stockholders shall retain, and
> [Stimsonite] shall not assume, or be responsible or
> liable with respect to, any liabilities and obligations
> of [Pave-Mark] or the Stockholders whether or not
> relating to the Business or the Acquired Assets,
> whether fixed, contingent or otherwise, whether known
> or unknown and whether incurred prior to, at or
> subsequent to the Closing Date (collectively, the
> "Retained Liabilities")

(APA at § 2.1).  Specifically, the retained liabilities included

> [a]ny liability or obligation relating to any claim,
> suit, litigation, proceeding or investigation . . .
> instituted hereafter, that is based in whole or in part
> on events or conditions occurring or existing in
> connection with, arising out of, resulting from or
> relating to, directly or indirectly, the operation of
> [Pave-Mark] prior to the Closing Date . . . .

(APA at § 2.1(f)).  Pave-Mark also retained and Stimsonite

disavowed liability for any claim arising from "an alleged defect

in design, manufacture, materials, workmanship of any Product

manufactured, distributed, sold or otherwise disposed of by or on

3

behalf of [Pave-Mark], or any alleged failure to warn, or from any breach of implied warranties or representations" (APA at § 6.1(r)(i); see APA at § 2.1(g)).  Stimsonite did expressly assume certain liabilities that are of no relevance here, such as accounts payable, employee severance obligations, and obligations relating to employee sick and vacation days (see APA at § 2.2). At a later date, Avery Dennison succeeded to Stimsonite's interests (Compl. at ¶¶ 22-25).

On or about June 4, 2005, plaintiff, an employee of Iberia Road Markings Company, was injured while using a Pave-Mark kettle (Compl. at ¶ 36).[2]  It appears that plaintiff is alleging

---

[2]On June 9, 2008, I entered an Order directing the Moving Defendants to make supplemental submissions with respect to the date of manufacture of the kettle in issue and granting plaintiff an opportunity to respond with his own supplemental submission. The Moving Defendants submitted a declaration of John M. Alten, Esq., co-counsel for the Moving Defendants, dated June 26, 2008, attached to which is a bill of materials that purports to reflect the date Pave-Mark manufactured the kettle.  Plaintiff objected to the introduction of the bill of materials.

Plaintiff's evidentiary objection is sustained because the bill of materials is not properly authenticated.  "Where a party wishes to have a court consider documents which are not yet part of the court's record, the documents must be attached to and authenticated by an appropriate affidavit and the affiant must be a competent witness through whom the documents could be received into evidence at trial." Lingo Corp. v. Topix, Inc., 01 Civ. 2863 (RMB), 2003 WL 223454 at *4 (S.D.N.Y. Jan. 31, 2003) (internal quotation marks omitted).  "The authentication prerequisite simply requires the proponent to submit 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'"  United States v. Pluta, 176 F.3d 43, 49 (2d Cir. 1999), quoting Fed.R.Evid. 901(a).  Here, there is no evidence and no reason to believe that Alten is a competent
(continued...)

that Pave-Mark and not the Moving Defendants manufactured and
sold the kettle in issue (Compl. at ¶¶ 26-29, 36, 41).  Plaintiff
also alleges, however, that the Moving Defendants succeeded to
Pave-Mark's rights and liabilities through a series of corporate
acquisitions (Compl. at ¶¶ 19-25).  Thus, it appears that
plaintiff is proceeding against the Moving Defendants on a theory
of successor liability only.

III.  <u>Analysis</u>

    A.  The Moving Defendants'
       <u>Motion for Summary Judgment</u>

       1.  Standard for
          <u>Summary Judgment</u>

       The standards applicable to a motion for summary
judgment are well-settled and require only brief review.

> Summary judgment shall be granted when there is no
> genuine issue of material fact and the moving party is
> entitled to judgment as a matter of law.  Fed.R.Civ.P.
> 56(c).  This form of relief is appropriate when, after
> discovery, the party -- here plaintiff -- against whom
> summary judgment is sought, has not shown that evidence
> of an essential element of her case -- one on which she
> has the burden of proof -- exists.  <u>See</u> <u>Celotex Corp.</u>

---

    [2](...continued)
witness through whom the bill of materials could be admitted.
<u>See</u> <u>O'Shea v. Childtime Childcare, Inc.</u>, 01-CV-1264 (DRH), 2002
WL 31738936 at *3 (N.D.N.Y. Dec. 2, 2002) ("There is no
demonstration that [plaintiff]'s counsel had personal knowledge
of the authenticity of these documents as required by
Fed.R.Civ.P. 56(e)").  Accordingly, I do not consider the bill of
materials for purposes of this motion.

v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91
L.Ed.2d 265 (1986).  This form of remedy is
inappropriate when the issue to be resolved is both
genuine and related to a disputed material fact.  An
alleged factual dispute regarding immaterial or minor
facts between the parties will not defeat an otherwise
properly supported motion for summary judgment.  See
Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir.
1990).  Moreover, the existence of a mere scintilla of
evidence in support of nonmovant's position is
insufficient to defeat the motion; there must be
evidence on which a jury could reasonably find for the
nonmovant.  Anderson v. Liberty Lobby, Inc., 477 U.S.
242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

    If the movant demonstrates an absence of a genuine
issue of material fact, a limited burden of production
shifts to the nonmovant, who must "demonstrate more
than some metaphysical doubt as to the material facts,"
and come forward with "specific facts showing that
there is a genuine issue for trial."  Aslanidis v.
United States Lines, Inc., 7 F.3d 1067, 1072 (2d Cir.
1993).  If the nonmovant fails to meet this burden,
summary judgment will be granted against it.

Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir.

2004); accord Rubens v. Mason, 527 F.3d 252, 254 (2d Cir. 2008);

Jeffreys v. City of New York, 426 F.3d 549, 553-54 (2d Cir.

2005).

    "In moving for summary judgment against a party who

will bear the ultimate burden of proof at trial, the movant may

satisfy [its] burden by pointing to an absence of evidence to

support an essential element of the nonmoving party's claim."

Vann v. City of New York, 72 F.3d 1040, 1048 (2d Cir. 1995).  "A

defendant moving for summary judgment must prevail if the

plaintiff fails to come forward with enough evidence to create a

genuine factual issue to be tried with respect to an element

6

essential to its case." <u>Allen v. Cuomo</u>, 100 F.3d 253, 258 (2d Cir. 1996).

"In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant . . . . Stated more succinctly, '[t]he evidence of the non-movant is to be believed.'" <u>Lucente v. Int'l Bus. Machs. Corp.</u>, 310 F.3d 243, 253-54 (2d Cir. 2002), <u>quoting</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>accord</u> <u>Jeffreys v. City of New York</u>, <u>supra</u>, 426 F.3d at 553 ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.") (internal quotation marks omitted); <u>see also</u> <u>Make the Road by Walking, Inc. v. Turner</u>, 378 F.3d 133, 142 (2d Cir. 2004); <u>Dallas Aerospace, Inc. v. CIS Air Corp.</u>, 352 F.3d 775, 780 (2d Cir. 2003).

"Material facts are those which 'might affect the outcome of the suit under the governing law,' and a dispute is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" <u>Coppola v. Bear Stearns & Co.</u>, 499 F.3d 144, 148 (2d Cir. 2007), <u>quoting</u> <u>Anderson v. Liberty Lobby, Inc.</u>, <u>supra</u>, 477 U.S. at 248; <u>accord</u> <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 202 (2d Cir. 2007). "'[I]n ruling on a motion for summary judgment, a judge must ask

himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [non-movant] on the evidence presented[.]'" Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 788 (2d Cir. 2007), quoting Readco, Inc. v. Marine Midland Bank, 81 F.3d 295, 298 (2d Cir. 1996).

> 2. Application
>    of Law to Facts[3]

Stimsonite argues that it is entitled to summary judgement because it did not, as a matter of law, assume Pave-Mark's liabilities for claims arising from the kettle at issue as a result of its purchase of substantially all of Pave-Mark's assets in 1995 (Memorandum in Support of Motion for Summary

---

[3]As an initial matter, the Moving Defendants argue that they are entitled to summary judgment solely on the basis of plaintiff's failure to submit the counter-statement of disputed facts pursuant to Local Civil Rule 56.1 (Reply in Support of Motion for Summary Judgment of Defendants Stimsonite and Avery Dennison, dated Jan. 25, 2008 ("Moving Defs. Reply") at 2).

This argument is unavailing. "[Local Civil Rule 56.1] does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law . . . ." Holtz v. Rockefeller & Co., supra, 258 F.3d at 74; see also Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (holding that where a non-movant does not oppose a summary judgment motion, a court cannot grant the motion on default unless the movant shows it is entitled to summary judgment as a matter of law). Thus, even though plaintiff has not submitted a Rule 56.1 statement, this failure alone cannot justify a grant of summary judgment unless the Moving Defendants demonstrate that they are entitled to judgment as a matter of law.

Judgment of Defendants Stimsonite and Avery Dennison, dated Nov. 20, 2007 ("Moving Defs. Mem.") at 5-9).  Avery Dennison contends that it cannot be found liable as a matter of law in the same regard because, if Stimsonite did not succeed to Pave-Mark's liabilities, then it necessarily follows that Avery Dennison could not have succeeded to such liabilities when it purchased Stimsonite's assets (Moving Defs. Mem. at 4).

In general, under New York common law,[4] "a corporation which acquires the assets of another is not liable for the torts of its predecessor[.]" Schumacher v. Richards Shear Co., 59 N.Y.2d 239, 244, 451 N.E.2d 195, 198, 464 N.Y.S.2d 437, 440 (1983); accord Semenetz v. Sherling & Walden, Inc., 7 N.Y.3d 194, 196, 851 N.E.2d 1170, 1171, 818 N.Y.S.2d 819 (2006).  This general rule "extends to all debts and obligations, not just tort liability."  In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 00 Civ. 1898 (SAS), 2008 WL 3163634 at *3 n.29 (S.D.N.Y. Aug. 6, 2008); see also Fitzgerald v. Fahnestock & Co., 286 A.D.2d 573, 575, 730 N.Y.S.2d 70, 72 (1st Dep't 2001).  There are four exceptions to this general rule.  A successor corporation may be liable for the obligations of its predecessor

---

[4]The parties exclusively cite New York law in their briefs. Thus, New York law controls.  Motorola Credit Corp. v. Uzan, 388 F.3d 39, 61 (2d Cir. 2004) ("[T]he parties' briefs assume that New York law controls this issue, and such implied consent . . . is sufficient to establish choice of law.") (internal quotation marks omitted).

if "'(1) it expressly or impliedly assumed the predecessor's []
liability, (2) there was a consolidation or merger of seller and
purchaser, (3) the purchasing corporation was a mere continuation
of the selling corporation, or (4) the transaction is entered
into fraudulently to escape such obligations.'"  New York v.
Nat'l Serv. Indus., 460 F.3d 201, 209 (2d Cir. 2006), quoting
Schumacher v. Richards Shear Co., supra, 59 N.Y.2d at 245, 451
N.E.2d at 198, 464 N.Y.S.2d at 440.  "The party asserting
successor liability has the burden of proving facts which bring
the case within one of these exceptions."  Marenyi v. Packard
Press Corp., 90-CV-4439 (CSH), 1994 WL 16000129 at *6 (S.D.N.Y.
June 9, 1994).

        Plaintiff argues that there are issue of fact as to the
Moving Defendants' liability under exceptions (1), (2), and (3)
(Plaintiff's Memorandum in Opposition to Defendants' Motion for
Summary Judgment, dated Jan. 9, 2008 ("Plf. Mem.") at 11-20, 21-
23).  I address these exceptions in turn.[5]

                a.  Express or Implied
                    Assumption of Liabilities

        Plaintiff first argues that in the APA Stimsonite
implicitly assumed Pave-Mark's liabilities with respect to claims
arising from the use of the kettle at issue (Plf. Mem. at 23).

---

        [5]Because there is no allegation that the asset purchase at
issue was fraudulent, I need not address the fourth exception.

This argument is frivolous since Stimsonite expressly did not assume and Pave-Mark expressly retained such liability under the APA as noted above (see APA at §§ 2.1(f)-(g), 6.1(r)(i)). Thus, this first exception does not apply. See Peralta v. WHM Tool Group, Inc., CV 04 3826 (CPS), 2005 WL 2002454 at *3 (E.D.N.Y. Aug. 19, 2005) ("With respect to the first exception, defendant cannot be held to have expressly or impliedly assumed the predecessor's [] liability as to products sold prior to the asset purchase since it specifically disavowed such liability in the Asset Purchase Agreement."); Beck v. Roper Whitney, Inc., 190 F. Supp.2d 524, 534 (W.D.N.Y. 2001) (same).

b. De Facto Merger

Plaintiff next argues that Stimsonite's purchase of Pave Mark's assets constituted a de facto merger (Plf. Mem. at 11-20).

"The second exception involving merger also encompasses . . . de facto mergers." Diaz v. South Bend Lathe Inc., 707 F. Supp. 97, 100 (E.D.N.Y. 1989). "A de facto merger occurs where one corporation is absorbed by another, but without compliance with the statutory requirements for a merger." Arnold Graphics Indus., Inc. v. Indep. Agent Ctr., Inc., 775 F.2d 38, 42 (2d Cir. 1985).

11

Courts consider the following factors in determining whether a de facto merger has occurred:  "(1) continuity of ownership; (2) cessation of ordinary business and dissolution of the acquired corporation as soon as possible; (3) assumption by the purchaser of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and (4) continuity of management, personnel, physical location, assets, and general business operation."  New York v. Nat'l Serv. Indus., supra, 460 F.3d at 209.  The first factor -- continuity of ownership -- is essential to a finding of a de facto merger.  New York v. Nat'l Serv. Indus., supra, 460 F.3d at 212; see also Barrack, Rodos & Bacine v. Ballon Stoll Bader & Nadler, P.C., 08 Civ. 2152 (PKL), 2008 WL 759353 at *8 (S.D.N.Y. Mar. 20, 2008); Colon v. Multi-Pak Corp., 477 F. Supp.2d 620, 626 (S.D.N.Y. 2007); In re New York City Asbestos Litig., 15 A.D.3d 254, 256, 789 N.Y.S.2d 484, 487 (1st Dep't 2005) ("[B]ecause continuity of ownership is the essence of a merger, it is a necessary element of any de facto merger finding . . . .") (internal quotation marks omitted).

The Moving Defendants argue that the de facto merger exception does not apply because there is no continuity of ownership between Pave-Mark and Stimsonite (Moving Defs. Mem. at

12

8-9; Moving Defs. Reply at 4-9).[6]  "The 'continuity of ownership'
factor looks to whether shareholders of the predecessor become,
at the time of the sale of the assets, shareholders of the
successors corporation." <u>Shamis v. Ambassador Factors Corp.</u>, 34
F. Supp.2d 879, 897 (S.D.N.Y. 1999); <u>see</u> <u>also</u> <u>Diaz v. South Bend</u>
<u>Lathe Inc.</u>, <u>supra</u>, 707 F. Supp. at 101.  Numerous courts have
held that this factor is not satisfied where the assets are
purchased solely with cash and, thus, none of the predecessor
corporation's shareholders become shareholders of the successor
corporation as a result of the asset purchase.  <u>E.g.</u>, <u>Peralta v.</u>
<u>WHM Tool Group, Inc.</u>, <u>supra</u>, 2005 WL 2002454 at *3 ("Such
continuity [of ownership] does not exist in this case since the
successor corporation purchased assets with cash [and] the
shareholders of DeVrieg-Bullard did not become shareholders in
Powermatic Corporation or ultimately shareholders in WHM.");
<u>Conn. Indem. Co. v. 21st Century Transp. Co., Inc.</u>, 99 CV 7735
(ILG), 2001 WL 868340 at *6 (E.D.N.Y. July 27, 2001) ("[T]here is
no continuity of ownership between Rutigliano and Allied, as
evidenced by the fact that Rutigliano shareholders did not become
Allied shareholders as a result of the purchase, since Allied

---

[6]For purposes of the motion, the Moving Defendants concede
that the other three factors of the <u>de</u> <u>facto</u> merger test "might
be found in the Pave-Mark-Stimsonite transaction" (Moving Defs.
Reply at 5 n.1).  Accordingly, I limit my analysis of the
applicability of the <u>de</u> <u>facto</u> merger doctrine to the continuity
of ownership factor and assume that the other three factors are
satisfied.

purchased Rutigliano for cash."); <u>In re New York City Asbestos</u>
<u>Litig.</u>, <u>supra</u>, 15 A.D.3d at 256, 789 N.Y.S.2d at 487 ("[T]here is
no continuity of ownership between Old H-T and New H-T, since New
H-T paid for Old H-T's assets with cash, not with its own stock,
and neither Old H-T nor any of its shareholders has become a
shareholder of New H-T.").

Here, the continuity of ownership factor is not
satisfied.  The Moving Defendants argue that plaintiff has failed
to offer any evidence showing that any of Pave-Mark's
shareholders, in particular its majority shareholders, Martin
Smith, Judith Smith, or Finley, became shareholders of Stimsonite
as part of its purchase of Pave-Mark's assets (Moving Defs. Reply
at 3-7).  In support of their argument, the Moving Defendants
rely on the fact that Pave-Mark's shareholders received
approximately $6,000,000 in cash from Stimsonite and no
Stimsonite shares (APA at § 3.1; Ratchford Decl. at ¶ 8).  Thus,
the Moving Defendants have satisfied their initial burden of
production showing the absence of a genuine issue of fact
concerning continuity of ownership between Pave-Mark and
Stimsonite, an essential element of plaintiff's case.

Plaintiff concedes that Martin Smith and Judith Smith
did not become Stimsonite shareholders as a result of this asset
purchase (Plf. Mem. at 14).  Instead, plaintiff argues that there
is an issue of fact concerning continuity of ownership because,

14

as part of the deal between Pave-Mark and Stimsonite, Stimsonite hired Finley as an executive officer, paid him pursuant to a Pave-Mark bonus plan that Stimsonite assumed under the APA, and, subsequently in 1996, granted him Stimsonite stock options (Plf. Mem. at 14, 16-17; see Stimsonite 1998 Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934, dated Apr. 13, 1998 ("Stimsonite 1998 Proxy") at 7-9, attached as Exhibit A to Plf. Mem.[7]).  This argument is unpersuasive because there is no evidence in the record that Finely received an ownership interest in Stimsonite -- whether stock or stock options -- as part of the asset purchase.  Although it appears that Finley received Stimsonite stock options in 1996 (see Stimsonite 1998 Proxy at 7), there is no evidence linking the grant of these options with the asset purchase in 1995.  Indeed, the Stimsonite's Proxy Statement reflects that Finley was not

---

[7]Because courts may take judicial notice of the contents of filings with the Securities and Exchange Commission ("SEC"), Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) (district court may "take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'"), quoting Fed.R.Evid. 201(b)(2), and "any facts subject to judicial notice may be properly considered in a motion for summary judgment[,]" Fed. Election Comm'n v. Hall-Tyner Election Campaign Comm., 524 F.Supp 955, 959 n.7 (S.D.N.Y. 1981); see also Nat'l City Golf Fin. v. Higher Ground Country Club Mgmt. Co., 06 Civ. 7784 (GEL), 2008 WL 904728 at *8 n.8 (S.D.N.Y. Apr. 3, 2008) (considering a 10-K statement filed with the SEC on a motion for summary judgment), I take judicial notice of the contents of Stimsonite's April 13, 1998 Proxy Statement and consider it for purposes of this motion.

granted any stock options during 1995 (Stimsonite 1998 Proxy at 7).

In sum, because plaintiff has failed "to come forward with 'specific facts showing that there is a genuine issue for trial[,]'" <u>PepsiCo, Inc. v. Coca-Cola Co.</u>, 315 F.3d 101, 105 (2d Cir. 2002), <u>quoting</u> Fed.R.Civ.P. 56(e)(2), with respect to the continuity of ownership between Pave-Mark and Stimsonite, the <u>de facto</u> merger doctrine does not apply. <u>See</u> <u>Colon v. Multi-Pak Corp.</u>, <u>supra</u>, 477 F. Supp.2d at 626 ("As no showing has been made of any continuity of ownership between Multi and MPS . . . , the <u>de facto</u> merger exception does not apply.").

c. <u>Mere Continuation</u>

Lastly, plaintiff argues that Stimsonite was a "mere continuation" of Pave-Mark (Plf. Mem. at 21-22). This exception "refers to [a] corporate reorganization . . . where only one corporation survives the transaction; the predecessor corporation must be extinguished." <u>Schumacher v. Richards Shear Co.</u>, <u>supra</u>, 59 N.Y.2d at 245, 451 N.E.2d at 198, 464 N.Y.S.2d at 440. "If the predecessor corporation continues to exist after the transaction, in however gossamer a form, the mere continuation exception is not applicable." <u>Diaz v. South Bend Lathe Inc.</u>, <u>supra</u>, 707 F. Supp. at 100; <u>see also</u> <u>Conn. Indem. Co. v. 21st Century Transp. Co., Inc.</u>, <u>supra</u>, 2001 WL 868340 at *6 ("[A]

16

corporation cannot be considered a mere continuation where both parties to a purchase agreement continue to exist following the transaction.").

Without citing any evidence, plaintiff asserts that "Pave-Mark did not survive" the asset sale with Stimsonite (Plf. Mem. at 22).  However, plaintiff's bald assertion is contradicted by the terms of the APA, which reflect that Pave-Mark survived as a separate entity (see, e.g., APA at § 1.2 (Pave-Mark to retain certain assets); APA at § 2.1 (Pave-Mark to retain certain liabilities); APA at § 3.1 (Pave-Mark to receive purchase price on closing date)).  In light of the absence of evidence to the contrary, these contractual provisions are sufficient to support a finding that Stimsonite is not a "mere continuation" of Pave-Mark.  See Montross v. Loggy Bayou, Inc., 07-CV-390 (FJS)(GHL), 2008 WL 2385931 at *2 (N.D.N.Y. June 9, 2008) (finding that purchasing corporation was not "mere continuation" of selling corporation where it continued to exist after the sale of its assets to the purchasing corporation as evidenced by the asset purchase agreement); Conn. Indem. Co. v. 21st Century Transp. Co., Inc., supra, 2001 WL 868340 at *6 ("[T]he mere continuity exception cannot be applied to Allied since the continued existence of Rutigliano was envisioned by the purchase agreement, which contemplated that a portion of the purchase price be paid to Rutigliano . . . .").

17

Plaintiff's assertion is also contradicted by the records kept by the Florida Secretary of State, which reflect that Pave-Mark filed annual reports through 2000, five years after the execution of the APA. See Florida Department of State, Division of Corporations Website, http://www.sunbiz.org (last visited Aug. 20, 2008). I take judicial notice of the contents of these records. Fed.R.Evid. 201; Access 4 All v. Oak Spring, Inc., 504CV75 (OC)(GRJ), 2005 WL 1212663 at *2 n.16 (M.D. Fla. May 20, 2005) (taking judicial notice of the contents of records kept by Florida Secretary of State).

Accordingly, because plaintiff fails to come forward with evidence sufficient to create a genuine issue of fact with respect to the applicability of any of the three arguably applicable bases for successor liability, the motion for summary judgment on the basis of the lack of successor liability between Pave-Mark and the Moving Defendants is granted.

B. Plaintiff's Request
for Additional Discovery
Pursuant to Rule 56(f)

As a fall-back position, plaintiff seeks a continuance of the Moving Defendants' motion for summary judgment to conduct discovery on the issue of successor liability pursuant to Federal Rules of Civil Procedure 56(f) (Plf. Mem. at 23-25).

Rule 56(f) provides:

18

> If a party opposing the motion shows by affidavit that,
> for specified reasons, it cannot present facts
> essential to justify its opposition, the court may:
>
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be
>     obtained, depositions to be taken, or other
>     discovery to be undertaken; or
> (3) issue any other just order.

Fed.R.Civ.P. 56(f).  Plaintiff's request is denied for several
reasons.

First, in order to obtain relief under Rule 56(f), the
party seeking such relief must submit an affidavit explaining:
"[1] the nature of the uncompleted discovery, i.e., what facts
are sought and how they are to be obtained; and [2] how those
facts are reasonably expected to create a genuine issue of
material fact; and [3] what efforts the affiant has made to
obtain those facts; and [4] why those efforts were unsuccessful."
Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769
F.2d 919, 926 (2d Cir. 1985); accord Paddington Partners v.
Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994).  Plaintiff, however,
did not submit such an affidavit and mentions Rule 56(f) only in
his memorandum of law (see Plf. Mem. at 6 ("[P]laintiff requests
additional time to conduct discovery on the related issues."),
citing Fed.R.Civ.P. 56(f)).  "A reference to Rule 56(f) and to
the need for additional discovery in a memorandum of law in
opposition to a motion for summary judgment is not an adequate
substitute for a Rule 56(f) affidavit . . . and the failure to

file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." Paddington Partners v. Bouchard, supra, 34 F.3d at 1137; see also Peralta v. WHM Tool Group, Inc., supra, 2005 WL 2002454 at *6.

Second, even assuming arguendo that the reference to Rule 56(f) were an adequate substitute for an affidavit, plaintiff fails to make the particularized showing required by Burlington. Plaintiff seeks the exhibits referenced in the APA but not attached to it, documents regarding Avery Dennison's purchase of Stimsonite's assets, documents reflecting the nature of Avery Dennison's assets when it sold Pave-Mark's assets to another company, documents concerning Avery Dennison's use of the Pave-Mark name, and the opportunity to "explore" unspecified, non-material differences between the copy of the APA in plaintiff's possession and the copy attached to the Moving Defendants' motion (Plf. Mem. at 24-25). Plaintiff, however, utterly fails to explain how the facts sought are reasonably expected to raise a genuine issue of material fact with respect to the successor liability issue, what steps plaintiff took to obtain such facts, and why these steps failed.

Third, plaintiff has not shown that he was denied an adequate opportunity to conduct discovery on the issue of successor liability. Plaintiff's reliance on Hellstrom v. U.S.

Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) for the
proposition that summary judgment may not be granted against a
plaintiff who has not been afforded the opportunity to conduct
discovery "[o]nly in the rarest of cases" is misplaced.  "There
is a critical distinction . . . between cases where a litigant
opposing a motion for summary judgment requests a stay of that
motion to conduct <u>additional</u> discovery and cases where that same
litigant opposes a motion for summary judgment on the ground that
it is entitled to an opportunity to <u>commence</u> discovery with
respect to [the non-movant's] claims . . . ." <u>Crystalline H2O,
Inc. v. Orminski</u>, 105 F. Supp.2d 3, 6-7 (N.D.N.Y. 2000) (emphasis
in original).  Indeed, the Second Circuit Court of Appeals has
recognized this distinction.  <u>Compare</u> <u>Miller v. Wolpoff &
Abramson, L.L.P.</u>, 321 F.3d 292, 301-07 (2d Cir. 2003) (holding
that grant of defendants' summary judgment motion was "premature"
where district court denied Rule 56(f) relief and did not afford
plaintiff "any opportunity" to conduct discovery to oppose
defendants' motion), <u>with</u> <u>Trebor Sportswear Co. v. The Limited
Stores, Inc.</u>, 865 F.2d 506, 511-12 (2d Cir. 1989) (affirming
denial of request under Rule 56(f) for further discovery where
"appellants had ample time to conduct discovery").

         Unlike <u>Hellstrom</u>, where the plaintiff was denied an
opportunity to conduct any discovery before defendants' motion
for summary judgment was granted, plaintiff here has already been

given an opportunity to take discovery on the issue of successor liability. This case was removed to this Court on June 1, 2007. On August 16, 2007, I entered an Order directing that fact discovery be completed on or before January 31, 2008 (Docket Item 11). On November 20, 2007, the Moving Defendants filed their motion for summary judgment. I then granted plaintiff an extension of time until January 18, 2008 to file his opposition to the Moving Defendants' summary judgment motion (Docket Item 15). At no time did plaintiff request additional time to oppose the Moving Defendants' motion on the ground that it needed additional time for discovery, which is the typical practice suggested by the case law. See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., supra, 769 F.2d at 927-28 ("[W]hen alerted to a forthcoming motion for summary judgment, a party wanting more time for discovery should seek, through negotiation with the other party and, if necessary, through application to the district court, an appropriate discovery schedule. A party who both fails to use the time available and takes no steps to seek more time until after a summary judgment has been filed need not be allowed more time for discovery absent a strong showing of need.").

Lastly, plaintiff's claim that it was afforded no opportunity to take such discovery is flatly contradicted by my letter endorsement of December 18, 2007 in which I granted the

22

parties' request to stay all discovery "other than discovery that may be relevant to [the Moving Defendants' summary judgment] motion" (Docket Item 15). Thus, it appears that plaintiff's failure to adduce evidence sufficient to create a genuine issue of fact is due to his own lack of diligence. Such dilatory conduct also weighs against plaintiff's request for additional discovery pursuant to Rule 56(f). Paddington Partners v. Bouchard, supra, 34 F.3d at 1139 ("Requests for discovery in the face of motions for summary judgment put forth by parties who were dilatory in pursuing discovery are disfavored . . . .").

Accordingly, plaintiff's request for additional discovery pursuant to Rule 56(f) is denied.

IV. Conclusion

For all the foregoing reasons, Stimsonite and Avery Dennison's motion for summary judgment (Docket Item 13) is granted, the Complaint is dismissed as to them, and plaintiff's request for a continuance of the Moving Defendants' motion to conduct discovery pursuant to Rule 56(f) is denied.

Dated: New York, New York
       August 22, 2008

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

23

Copies transmitted to:

William P. Hepner, Esq.
Wingate, Russoti & Shapiro, LLP
Suite 2750
420 Lexington Avenue
New York, New York  10170

John P. Connors, Jr., Esq.
Connors & Connors, P.C.
766 Castleton Avenue
Staten Island, New York  10310

John M. Alten, Esq.
Ulmer & Burne, LLP
Skylight Office Tower
1660 West 2nd Street
Suite 1100
Cleveland, Ohio  44113